JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MYRNA JOHNSON

## DEFENDANTS
TEMPLE-INLAND LONG TERM DISABILITY PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. sec. 1132

Brief description of cause:
Claim for disability insurance benefits under an ERISA welfare benefit plan.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE: July 17, 2008

SIGNATURE OF ATTORNEY OF RECORD

Steven M. Chabre, SBN 173271
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440
(510) 749-0466 (fax)

Attorney for Plaintiff

E-filing

FILED
JUL 18 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MYRNA JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TEMPLE-INLAND LONG TERM<br>DISABILITY PLAN and LIFE INSURANCE<br>COMPANY OF NORTH AMERICA,<br><br>　　　　Defendants. | Case No.: C08-03478 BZ<br><br>**COMPLAINT FOR DISABILITY<br>BENEFITS UNDER ERISA**<br><br>ADR |

Plaintiff, Myrna Johnson, alleges:

1. JURISDICTION: Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. ("ERISA"). Jurisdiction and venue are therefore proper pursuant to 29 U.S.C. § 1132.

2. INTRADISTRICT ASSIGNMENT: A substantial part of the events which give rise to this claim occurred in Contra Costa County. Therefore assignment to the San Francisco/Oakland Division is appropriate under Civil L.R. 3-2(c)-(d).

COMPLAINT                                                                                                       1

3. Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to clarify her rights to past and future benefits under the terms of an ERISA welfare benefit plan. Plaintiff seeks payment of ongoing disability benefits and all back benefits that are due to her, with interest.

4. Plaintiff seeks attorney fees and costs pursuant to 29 U.S.C. § 1132(g).

## THE PARTIES

5. Plaintiff is an adult resident of Contra Costa County.

6. Defendant Temple-Inland Long Term Disability Plan ("the Plan") is an employee welfare benefit plan that was established by Temple-Inland Forest Products Corporation ("Temple-Inland") under ERISA.

7. Plaintiff is and was at all times relevant a participant and beneficiary of the Plan.

8. Defendant Life Insurance Company of North America ("LINA") is a corporation, incorporated in the state of Pennsylvania, and it is authorized to conduct business in the state of California.

## THE DISABILITY PLAN

9. The Plan is called Temple-Inland Long Term Disability Plan.

10. The Plan administrator is Temple-Inland.

11. The Plan promises to pay monthly benefits to participants who are disabled as defined by the Plan.

12. The Plan is insured by LINA by means of a group insurance policy numbered FLK 20104, which LINA issued to Temple-Inland.

13. Claims are paid out of the assets of LINA.

14. LINA decides whether or not a claim made under the Plan will be paid.

## PLAINTIFF'S DISABILITY

15. Plaintiff is a 62 year-old woman.

16. Temple-Inland employed plaintiff as an Account Manager from May 1990 until May 9, 2003.

17. Plaintiff stopped working May 9, 2003 due to severe sleep apnea that prevented her form staying awake and concentrating during her work day.

18. Plaintiff remains unable to perform her own occupation or any other occupation due to excessive daytime sleepiness.

19. Plaintiff's treating physicians have opined and continue to opine that she is unable to perform her own occupation or any other occupation due to excessive daytime sleepiness.

## DISABILITY BENEFIT CLAIM HISTORY

20. Plaintiff applied for disability benefits under the Plan, by filing a claim with LINA.

21. LINA approved the claim by letter dated March 24, 2005.

22. LINA paid disability benefits to plaintiff until August 8, 2007 when it denied further payment.

23. Plaintiff appealed the denial to LINA, and LINA denied the appeal on June 11, 2008.

24. Plaintiff exhausted her administrative remedies under the Plan.

25. LINA allowed its conflict of interest to affect its decision to deny plaintiff's claim. Evidence of LINA's self-dealing includes:

    a. LINA's unsubstantiated rejection of plaintiff's treating physicians' opinions that plaintiff remains disabled;

    b. LINA's use of biased and conflicted physicians to review plaintiff's claim;

    c. LINA's use of physicians who lack the proper training to assess sleep impairments;

    d. LINA's ignoring sworn statements from third party witnesses, which support plaintiff's claim;

    e. LINA's ignoring plaintiff's sworn statement in support of her claim;

    f. LINA's ignoring Social Security's ongoing award of disability benefits to plaintiff;

    g. LINA's use of boilerplate language to deny plaintiff's claim;

    h. LINA's failure to shield its claim handling functions from its natural desire to make money;

    i. LINA's history of biased claims administration in other disability insurance claims it has handled; and

    j. LINA's arbitrary denial of plaintiff's 2003-2004 claim for short-term disability benefits.

### FIRST CAUSE OF ACTION
### (Claim for Benefits – All Defendants)

26. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

27. Plaintiff has performed all of her obligations under the Plan.

28. All conditions precedent to plaintiff's bringing this ERISA claim and to her collecting benefits under this ERISA plan have been performed by plaintiff or have occurred.

29. Plaintiff has been disabled under the terms of the Plan since May 9, 2003, and following a 180 day waiting period, she has been eligible to receive benefits under the Plan at all times since November 6, 2003.

30. 29 U.S.C. § 1132 (a)(1)(B) states:

A civil action may be brought --

    (1) by a participant or beneficiary --

COMPLAINT    4

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

31. The defendants' actions constitute an unlawful denial of benefits under the Plan and under ERISA, as provided in 29 U.S.C. § 1132 (a)(1)(B).

## SECOND CAUSE OF ACTION
### (Attorney Fees and Costs – All Defendants)

32. Under the standards applicable to ERISA, plaintiff seeks to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

33. Plaintiff respectfully requests that this Court review the denial of benefits in this case and declare that she is entitled to ongoing disability benefits under the Plan; entitled to payment of back benefits; and to interest on all back benefits.

34. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure the benefits owed to her pursuant to 29 U.S.C. § 1132(g).

35. Finally, plaintiff seeks such other relief as this Court finds appropriate.

BY: _____  DATED: July 17, 2008
STEVEN M. CHABRE
Attorney for Plaintiff

COMPLAINT                                                                 5